**Charlie MATHIS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 88–3202.

United States Court of Appeals, Federal Circuit.

Dec. 14, 1988.

Bernard Hoppenfeld of King & King, P.C., Atlanta, Ga., argued for petitioner.

Lori J. Dym of the U.S. Postal Service, Washington, D.C. argued for respondent. With her on the brief were John R. Bolton, Asst. Atty. Gen., and Jesse L. Butler, Asst. Gen. Counsel.

Before FRIEDMAN, RICH and NEWMAN, Circuit Judges.

FRIEDMAN, Circuit Judge.

Under 5 U.S.C. § 7701(a) (1982), an "employee" may appeal an adverse personnel action to the Merit Systems Protection Board (Board). Section 7511(a)(1)(B) of Title 5 of the United States Code includes in the definition of "employee" a Postal Ser-

vice preference eligible who has "completed 1 year of current continuous service in the same or similar positions." During the year preceding his termination by the Postal Service, the petitioner had served first as a special delivery messenger and then as a distribution clerk. The Board dismissed his appeal for lack of jurisdiction, ruling that those jobs were not "similar positions" under section 7511(a)(1)(B). We reverse and remand.

## I

The petitioner, a preference eligible who had been employed by the United States Postal Service for 21 years, was working as a special delivery messenger when, in late 1986, the Postal Service cancelled his Postal Service driver's permit. The effect of this cancellation was to preclude him from working in that capacity. On November 22, 1986, the Postal Service reassigned him to the position of distribution clerk.

The Postal Service removed the petitioner effective September 4, 1987, based on an altercation with another postal employee. The petitioner filed a timely appeal to the Board. The Board's administrative law judge dismissed the appeal for lack of jurisdiction, and the Board denied review.

The administrative law judge held that the petitioner was not an "employee" over whose appeal the Board had jurisdiction because the two jobs that the petitioner held during the one year preceding his removal were not "similar positions" under 5 U.S.C. § 7511(a)(1)(B). Looking to the position descriptions for the two jobs, the administrative law judge noted:

> [A] Special Delivery Messenger ... is charged with delivering mail after it has been sorted. A Distribution Clerk works solely within the facility and, as a primary function, separates both incoming and outgoing mail. Incoming is separated by delivery point, e.g., rural route, city route, general delivery.... A Special Delivery Messenger receives mail to be delivered which has already been sorted and designated as special delivery.... [H]is main function is to deliver, not distribute it within the facility.

*Mathis v. U.S.P.S.*, MSPB Initial Decision Docket No. AT07528710822 at 3 (Nov. 30, 1987).

The administrative law judge stated that the positions as thus described entailed "significantly different responsibilities and duties and thus are not interchangeable," *id.* at 6, and therefore were not "similar positions."

## II

The Board's jurisdiction over the petitioner's appeal turns on whether the two jobs the petitioner held during his last year of employment in the Postal Service—special delivery messenger and distribution clerk—were "similar positions" under 5 U.S.C. § 7511(a)(1)(B).

Relying upon certain differences in the work the two jobs involved, as specified in the position descriptions, the Board held that the two jobs were not "similar positions." The Board stressed that the "main function" of a special delivery messenger "is to deliver" the mail "after it has been sorted," and not to "distribute it within the facility [the Post Office]," which is the function of a distribution clerk.

We conclude that in so ruling the Board interpreted section 7511(a)(1)(B) too narrowly, and that the two positions were "similar."

A. The statute does not define "similar positions," but the context in which the phrase appears gives it meaning. Section 7511(a)(1) specifies two categories of individuals who come within the statutory definition of "employee":

(A) an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; and

(B) a preference eligible in an Executive agency in the excepted service, and a preference eligible in the United States Postal Service or the Postal Rate Commission, who has completed 1 year of

current continuous service in the same or similar positions;

The reason why Congress required employees in the competitive service to have completed only "one year of current continuous employment" (subparagraph A) but added the qualification in subparagraph B that for preference eligibles that service must have been in the "same or similar positions," is unclear. Taken together, however, these two definitions reflect a congressional intent to limit "employees" who may appeal an adverse action to the Board to those employees who have completed one year of permanent service.

The legislative history of section 7511(a)(1)(B), which neither party discussed, supports this conclusion. The only reference to the phrase "same or similar positions" we have found in the legislative history is the following statement in the Senate Committee Report:

The phrase "one year of current continuous service in the same or similar positions," which defines the extent of coverage of employees in the excepted service, is intended to be the same as that currently used in civil service regulations.

S.Rep. No. 95–969, 1978 U.S.Code Cong. & Admin.News 2723, 2770.

The civil service regulations in effect at the time the statute was enacted did not explain or define "similar positions." The Federal Personnel Manual for 1978, although not a Civil Service regulation, sheds some light on the problem. FPM Supplement 752–1, issued October 11, 1976, subchapter S2, deals with "Employee Coverage" for purposes of adverse actions. Subchapter S2–3(a) states:

A preference eligible employee with one year of current continuous service in a position outside the competitive service is covered by subpart B of part 752 [which deals with adverse actions of greater than 30 days duration.]

. . . .

(3) Meaning of "current continuous employment." Current continuous employment in a position outside the competitive service may be either (i) employment in one position without a break of a work-day or (ii) employment in more than one position *in the same line of work* without a break of a workday.

1978 FPM Supplement 752–1 § S2–3(a).

The requirement that for a preference eligible employee to have completed "one year of current continuous service" the service must have been "in the same line of work" is similar to the requirement in section 7511(a)(1)(B) that the employee's continuous year of service must have been "in the same or similar positions."

The Court of Claims has interpreted the phrase "same line of work" in determining whether prior service in a different assignment is counted in the one-year probationary period. In *Horne v. United States,* 419 F.2d 416, 190 Ct.Cl. 145 (1969), the court ruled that since the plaintiff's prior jobs in agencies other than the Internal Revenue Service "involved duties of a different nature and character than that of a tax technician position for which he was employed by the Internal Revenue Service . . . she was properly subject to a one-year probationary period in her new position." *Id.* 419 F.2d at 419. In *Dargo v. United States,* 176 Ct.Cl. 1193 (1966), the court stated that the question is "what the nature of the work plaintiff actually performed [as confidential assistant to the chairman of the Foreign Claims Settlement Commission] was as compared with the work plaintiff was required to perform as a Personnel Assistant." *Id.* at 1203. The Board has held that "for purposes of determining completion of a probationary period, positions are in the same line of work if experience in a position demonstrates the knowledges, skills, and abilities required to perform the work of the other job." *Shobe v. U.S. Postal Service,* 5 MSPB 468, 5 M.S.P.R. 466, 471 (1981).

As the statute, Federal Personnel Manual and these decisions show, the requirement for preference eligibles that the year of service must be in positions that, if not the same, are "similar," indicates that to be an "employee" a preference eligible must occupy positions that involve related or comparable work that requires the same or similar skills.

This conclusion is consistent with Board decisions that for positions to be "similar," "the nature and character of [the employee's] duties" must be the same, and that positions are not "similar" if they involve "two distinctly different lines of work." *Van Skiver v. U.S. Postal Service*, 6 MSPB 630, 7 M.S.P.R. 18, 20 (1981) ("the Board finds that appellant continuously performed in the same or similar positions, since the nature and character of his duties did not change") (footnote omitted); *Wafford v. U.S. Postal Service*, 34 M.S.P.R. 691, 696 (1987) ("appellant's prior employment as a Distribution Clerk does not satisfy the requirement of 5 U.S.C. § 7511(a)(1)(B) to serve one year of current continuous service in the same or similar positions. What is critical to our determination here is the fact that appellant served his last year with the Postal Service in two distinctly different lines of work") (footnote omitted).

■ B. We hold that under this standard, the jobs of special delivery messenger and distribution clerk that the petitioner held during the year preceding his removal were "similar positions" under section 7511(a)(1)(B). The duties of each position involved the handling of the mail, and the skills required to perform the work were closely related. Indeed, in 1982 the petitioner had served for three months as a distribution clerk. There is no indication that he was unable to perform the duties of a distribution clerk upon his reassignment to that position in 1986, or that performance of those duties required him to undergo extensive retraining.

The Board apparently deemed it critical that a special delivery messenger delivered the mail outside the Post Office after it had been sorted, but a distribution clerk worked solely inside the Post Office and separated both incoming and outgoing mail and then distributed it inside the facility. Those differences in the nature of the work performed in the two jobs, however, are not inconsistent with their being "similar positions." In each position the critical fact is that the petitioner handled the mail. The fact that he did that handling in different physical locations and in different steps of the mail distribution process did not alter the fundamental character of the work he did, which was sufficiently closely related in the two jobs to make those positions "similar."

## CONCLUSION

The decision of the Merit Systems Protection Board dismissing the petitioner's appeal for lack of jurisdiction is reversed, and the case is remanded to the Board to consider the merits of the petitioner's appeal.

## COSTS

Costs to the petitioner.

REVERSED AND REMANDED.