889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Terry D. LONGO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3121.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1989.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Terry D. Longo (petitioner) appeals the decision of the Merit Systems Protection Board (board), Docket No. CH 07528810388, dismissing his appeal of a demotion by the United States Postal Service (USPS), for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 We affirm the board's decision because we have not found it to be:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 7
 An employee of the USPS is entitled to appeal a demotion to the board if he is a preference eligible and has completed one year of current continuous service in the same or similar positions. 5 U.S.C. Sec. 7511(a)(1)(B) (1988); see Mathis v. United States Postal Serv., 865 F.2d 232, 233-235 (Fed.Cir.1988); Wafford v. United States Postal Serv., 34 M.S.P.R. 691, 693 (1987).
 
 
 8
 Longo argues that the board erred in determining that his positions as General Mechanic and Engineman were not "similar" for purposes of calculating his number of years in continuous service. We find this argument to be without merit.
 
 
 9
 The record shows that the board carefully considered the descriptions and qualifications for each position and concluded that the two jobs were not interchangeable, and, therefore, not "similar" pursuant to 5 U.S.C. Sec. 7511(a)(1)(B) (1988). See Wafford, 34 M.S.P.R. at 695.