909 F.2d 1496
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Abel J. COLUNGA, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3261.
 United States Court of Appeals, Federal Circuit.
 July 18, 1990.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Abel J. Colunga petitions for review of the decision of the Merit Systems Protection Board (board), No. SF007528810298 (November 8, 1988), dismissing his appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 At the time of his removal by the United States Postal Service, the board found that Colunga had not completed one year of current continuous service in positions that were the same or similar, which is required under 5 U.S.C. Sec. 7511(a)(1)(B) for the board to have jurisdiction. Whether Colunga's positions as a mail handler and a distribution clerk are the same or similar positions is a question of fact. See Mathis v. United States Postal Serv., 865 F.2d 232, 235 (Fed.Cir.1988), quoting Wafford v. United States Postal Serv., 34 M.S.P.R. 691, 696 (1987) ("[W]hat is critical to our determination here is the fact that appellant served his last year with the Postal Service in two distinct lines of work.").
 
 
 3
 Under our standard of review we must affirm unless the decision is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1988). We have considered the arguments presented by Colunga and are convinced that the board's decision is correct as a matter of law and supported by substantial evidence. See Hayes v. Department of Navy, 727 F.2d 1535 (Fed.Cir.1984).