965 F.2d 1065
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joe BELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3614.
 United States Court of Appeals, Federal Circuit.
 April 24, 1992.
 
 Before NIES, Chief Judge, and PAULINE NEWMAN and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Joe L. Bell appeals the decision of the Merit Systems Protection Board, dismissing his appeal for lack of subject matter jurisdiction. Bell v. United States Postal Serv., No. DA07529110430 (MSPB June 12, 1991). The Administrative Judge's (AJ) initial decision became final September 18, 1991, upon denial of review by the full Board. Because Bell is not an "employee" within the meaning of 5 U.S.C. § 7511 (1988 & Supp. II 1990), we affirm.
 
 BACKGROUND
 
 2
 Bell was employed by the United States Postal Service (USPS) as a flat sorting machine operator from March 1, 1986 until his removal on April 11, 1986. Bell had transferred to the USPS without a break in service from the United States Department of Labor (USDL) where he had worked as an Equal Opportunity Specialist. On April 10, 1991, Bell appealed his removal from the USPS to the MSPB. The Board dismissed Bell's appeal for lack of jurisdiction because, at the time of his removal, Bell had not completed one year of current continuous service in the same or similar positions as required by 5 U.S.C. § 7511(a)(1)(B) (Supp. II 1990).
 
 DISCUSSION
 
 3
 A federal employee may appeal his or her removal to the Board pursuant to 5 U.S.C. § 7513(d) (1988). However, individuals employed by the United States Postal Service are considered "employees" for the purpose of 5 U.S.C. § 7513 only if they meet the requirements of 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(a)(4)(A)(ii) (1988). 5 U.S.C. § 7511(b)(8) (Supp. II 1990). Bell does not claim that he was employed in a position covered by § 1005; therefore, we only consider whether he has satisfied the requirements of § 7511.
 
 
 4
 To qualify as an "employee" under § 7511(a)(1)(B), Bell must show that he is a "preference eligible" and that he "has completed 1 year of current continuous service in the same or similar positions--(i) in an Executive agency; or (ii) in the United States Postal Service or Postal Rate Commission...." The AJ held that although Bell met the "preference eligible" requirement of § 7511(a)(1)(B) because of his veteran status, he failed to meet the second requirement that he have one year of current continuous service in the same or similar positions. Because Bell's service at the USPS was only slightly longer than a month, and because there was no break between Bell's service at the USDL and his service at the USPS, the AJ looked to Bell's service at the USDL to determine if he could tack that time onto the time Bell served at the USPS to satisfy the statutory requirements of 5 U.S.C. § 7511(a)(1)(B). The AJ determined that Bell had not
 
 
 5
 claimed that his position of Equal Opportunity Specialist, GS-9, a white-collar professional position [with the Department of Labor], was in any way similar to his position with the Postal Service in operating a Flat Sorting Machine. The positions are different in character and, in fact, are not the same or similar.
 
 
 6
 Bell, slip op. at 3. The AJ, therefore, concluded that Bell was not an "employee" for purposes of MSPB jurisdiction.
 
 
 7
 In his reply brief, Bell argues that he was denied procedural due process by being deprived of his appeal rights to the MSPB. In support of this argument, Bell cites subchapter 8-2e of the Federal Personnel Manual indicating that his transfer to the USPS should not invoke "a new probationary period," and therefore he should have a right to appeal. (Emphasis in original.) Unfortunately, subchapter 8 of the FPM applies exclusively to competitive service employees and, hence, is not applicable to United States Postal Service employees because they are excepted from the competitive service by statute. 5 U.S.C. § 2105(e) (1988).
 
 
 8
 The law is clear that a preference eligible in the excepted service must "occupy positions that involve related or comparable work that requires the same or similar skills" during the last year of service prior to the adverse agency action to invoke the Board's jurisdiction. Mathis v. United States Postal Serv., 865 F.2d 232, 234 (Fed.Cir.1988).
 
 
 9
 Bell's position as an Equal Opportunity Specialist cannot be considered to be the same as or similar to his position as a flat sorting machine operator because they are not positions "that involve related or comparable work that requires the same or similar skills." Id. The AJ's conclusion of non-similarity was correct under any standard of review.
 
 CONCLUSION
 
 10
 The MSPB properly held that it did not have jurisdiction over Bell's appeal. The decision of the MSPB that it lacked subject matter jurisdiction is therefore affirmed.