972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William R. BENEDICT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3058.
 United States Court of Appeals, Federal Circuit.
 June 25, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 William R. Benedict appeals the decision of the Board, Docket No. DA07529010425, dismissing for lack of jurisdiction his appeal from his removal by the United States Postal Service. We reverse and remand for consideration of Mr. Benedict's appeal on the merits.
 
 OPINION
 
 2
 This employee of seventeen years with the Postal Service had worked as an operator of a mail sorting machine called the FSM for about nine months, when he undertook training on a more complicated mail sorting machine, the MPLSM. After four and a half months of training on the MPLSM it became apparent that he would not master the machine. His appeal from his removal from service was rejected for lack of jurisdiction, on the basis that he had not served in the "same or similar" position for a year. We conclude that the Board erred in holding that these positions were not "similar", as contemplated by 5 U.S.C. § 7511(a)(1)(B).
 
 
 3
 In Mathis v. United States Postal Service, 865 F.2d 232 (Fed.Cir.1988), this court examined the meaning of the terms "same or similar positions" in 5 U.S.C. § 7511(a)(1)(B) in light of the legislative history and civil service regulations in effect at the time of the statute's passage. The statute implements the intent of Congress to deny appeal rights to those employees who had not "completed one year of permanent service," id. at 234, in the same or similar position.
 
 
 4
 The court in Mathis held that a special delivery messenger and a distribution clerk were "similar positions" within the meaning of the statute because both required handling mail and the skills required to perform the work were closely related. Id. at 235. Both of the positions held by Mr. Benedict involve operating a machine by means of a keyboard to sort mail. The position description requirements published by the Postal Service state that both positions require the same skills. For operation of both machines the visual acuity requirements are the same and the ability to act on visual information and to sequence mail in the proper order is required; applicants must have passed the Postal Service Test 400; both machines require sufficient manual dexterity to perform keyboard sorting operations at the required rate, 45 pieces of mail per minute on the flat sorter machine, and up to 60 pieces per minute on the MPLSM.
 
 
 5
 Thus the Board's dismissal for lack of jurisdiction is incorrect in law, and is reversed. See 5 U.S.C. § 7703(c). The case is remanded for the Board's review of the merits of Mr. Benedict's appeal.
 
 
 6
 Costs to Petitioner.
 
 
 7
 MAYER, Circuit Judge, dissenting.
 
 
 8
 Mathis v. United States Postal Service, 865 F.2d 232, 234 (Fed.Cir.1988), held that "similar" positions, as contemplated by 5 U.S.C. § 7511(a)(1)(B), "involve related to comparable work that requires the same or similar skills." Applying this interpretation to the facts of the case, the Mathis court concluded that the jobs of special delivery messenger and distribution clerk were "similar," stating:
 
 
 9
 The duties of each position involved the handling of the mail, and the skills required to perform the work were closely related. Indeed, in 1982 the petitioner had served for three months as a distribution clerk. There is no indication that he was unable to perform the duties of a distribution clerk upon his reassignment to that position in 1986, or that performance of those duties required him to undergo extensive retraining. [865 F.2d at 235.]
 
 
 10
 In contrast, here the board found that (1) a FSM operator cannot operate a MPLSM without 65 hours of additional training, and, conversely, a MPLSM operator cannot operate a FSM without 50 hours of additional training; (2) Benedict, despite his prior position as a FSM operator, was unable to qualify as a MPLSM operator; (3) the MPLSM position requires greater dexterity than the FSMO position because the operator must control, at higher speeds, a machine with 20 keys used in various combinations; and (4) in the MPLSM trainee position, unlike the FSMO position, a trainee must learn distribution schemes and key items at speeds that vary according to the task involved. On these factual findings, which are supported by substantial evidence, I would affirm the board's determination that the two positions are not "similar."