David H. ABLESTEIN, Petitioner,

v.

DEPARTMENT OF AGRICULTURE,
Respondent.

No. 02–3302.

United States Court of Appeals,
Federal Circuit.

Dec. 5, 2002.

Rehearing and Rehearing En
Banc Feb. 10, 2003.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and MICHEL, Circuit Judge.

PER CURIAM.

David H. Ablestein ("Ablestein") seeks review of the Merit Systems Protection Board's ("Board") decision dismissing his discriminatory discharge appeal and denying his request for corrective action in his Independent Right of Action appeal. *Ablestein v. Department of Agriculture*, No. NY–315H–00–0246–I–3, NY–1221–01–0289–W–2 (MSPB April 16, 2002) (disposing of both appeals). Because we agree that Ablestein's marital status discrimination appeal fell outside the Board's jurisdiction and Ablestein did not establish that corrective action under the Whistleblower Protection Act could be taken, we *affirm*.

## DISCUSSION

Our review of an appeal from a Board decision is limited. We will reverse a decision of the Board only if it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law or not supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994).

Ablestein's predominant arguments are 1) the Administrative Judge ("AJ") erred in finding that his Plant Protection Aide ("Aide") service was not in the same line of work as his Plant Protection and Quarantine Officer ("Officer") service; 2) the AJ erred in finding that Ablestein had not made a non-frivolous allegation of discrimination based on marital status; and 3) the AJ erred in finding that Ablestein had not stated a claim for whistleblowing. We address each of these below.

### I

We have adopted the Board's standard for when two positions are in the same line of work: "positions are in the same line of work if experience in a position demonstrates the knowledges, skills, and abilities required to perform the work of the other job.'" *Mathis v. USPS*, 865 F.2d 232, 234 (Fed.Cir.1988) (quoting *Shobe v. U.S.P.S.*, 5 MSPB 468, 5 M.S.P.R. 466, 471 (1981). Additionally, "the nature and character of the employee's duties

must be the same" for the positions to be considered similar. *Id.* at 235 (citation omitted). The AJ discussed in detail the differences between service as an Aide and service as an Officer, including the knowledge of biological sciences required by each position, the training suggested/required for each position, the authority and responsibilities of each position, and the duties performed in each position. *See Ablestein*, slip op. at 3–4. In view of this detailed analysis and supporting evidence (including testimony by Ablestein's supervisor when he was an Aide and the position descriptions for the two occupations), we hold that substantial evidence supports the AJ's finding that Aide service and Officer service are not "in the same line of work."

Ablestein was in the Officer position for less than one year. Because Ablestein's prior service as an Aide cannot be "tacked" on to his service as an Officer, he is considered a probationary employee with limited rights of appeal. See 5 U.S.C. § 7511(a)(1)(A). As a result, the Board only possessed jurisdiction to entertain Ablestein's challenge to the Department of Agriculture's ("USDA") discharge to the extent he provided a non-frivolous allegation of "marital status" discrimination (as opposed to his gender discrimination claims). *See* 5 U.S.C. § 4303(f)(2), 5 C.F.R. § 315.806(b).

## II

In order for the Board to have jurisdiction over a marital status discrimination claim, the employee must support his allegation with a showing of facts which, if uncontroverted, would require a finding that marital status was the basis for the termination. *See Stokes v. F.A.A.*, 761 F.2d 682, 685–86 (Fed.Cir.1985). We

hold that substantial evidence supports the AJ's finding that Ablestein did not establish his claim that his discharge was based on his marital status.

In reaching her decision, the AJ relied on an affidavit from Vargas, a Port Director for the USDA's Plant Protection and Quarantine program, in which Vargas stated he was the deciding official in Ablestein's termination and "[a]t the time of termination, I had no knowledge of Mr. Ablestein's marital status and such was not a factor in my decision to terminate." Vargas also stated that he "based [his] decision to terminate Mr. Ablestein on his involvement in a confrontation with [a] coworker ... who was also terminated for the same incident."[1] This affidavit shows that marital status was not the basis for Ablestein's termination. We hold Vargas' affidavit is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached" by the AJ. *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). Therefore, we affirm the AJ's holding that Ablestein did not establish his marital status discrimination claim.

## III

In his Individual Right of Action ("IRA") appeal, Ablestein asserts that his disclosures to the Office of Special Counsel ("OSC") were a contributing factor in his termination. The AJ found that most of his disclosures were not protected disclosures because they were simply vague allegations with no additional information which could have led to corrective action by the OSC. Therefore, the AJ ruled that Ablestein had failed to comply with the OSC exhaustion requirement for these al-

---

1. Ablestein's coworker was eventually reinstated after reaching a settlement agreement with the agency.

legations. However, the AJ did determine that one disclosure was sufficiently specific—that the USDA did not adhere to its workplace violence policy in that it failed to contact the police in connection with Ablestein's altercation with a coworker (the same altercation for which he was subsequently terminated). The AJ then found that Ablestein could not have reasonably believed that the incident in question—involving his pointing a finger in a threatening manner and a shove by a fellow employee in response—was an "emergency" requiring a call to police pursuant to the USDA's workplace violence policy. We hold that each of these findings is supported by substantial evidence.

■ "Under 5 U.S.C. § 1214(a)(3), an individual is required to seek corrective action from the Office of Special Counsel before seeking corrective action from the Board. This statutory exhaustion requirement is met where the complaining individual provides OSC with a sufficient basis to pursue an investigation that might have led to corrective action. The individual must articulate with reasonable clarity and precision before OSC the basis for his request for corrective action." *Wheeler v. Dep't Veterans Affairs*, 88 M.S.P.R. 236, 244–45 (2001) (citations omitted); *see also Langer v. Dep't of the Treasury*, 265 F.3d 1259, 1268 (Fed.Cir.2001).

■ The primary disclosures Ablestein made are as follows 1) there were worker slowdowns among his fellow employees; 2) excessive overtime was causing dangerous conditions at the work place; 3) his coworkers would not speak to him about job-related tasks; and 4) the agency failed to notify the police of his altercation with a coworker. All one need do is examine disclosures 1–3 above to see that the Board's determination that Ablestein failed to provide sufficient detail to investigate the claims is supported by substantial evi-

dence—indeed the form a "whistleblower" fills out requires the individual to "describe in *as much detail as possible* the actions or events that are the subject of your report." (emphasis added). These "disclosures" provide no event or information for the OSC to investigate. Accordingly, we affirm the AJ's findings that the first three disclosures were too vague to meet the exhaustion requirement set forth in 5 U.S.C. § 1214(a)(3).

■ We turn last to the AJ's finding regarding the disclosure alleging violation of the USDA's workplace violence policy. The policy states in pertinent part "[e]ach employee should report all acts of workplace violence promptly to supervisors and managers, and *in case of emergency, directly to law enforcement officials."* (emphasis added). Ablestein asserts that because the agency did not contact law enforcement officials, it violated the policy.

The policy requires an "emergency" before law enforcement officials must be called. In order for this disclosure (that the USDA violated its violence in the workplace policy) to be deemed "protected," the classification of the event as an "emergency" must have been reasonable. It is difficult for us to imagine a reasonable person describing the incident in question—aggressive pointing and a shove—as an "emergency." Accordingly, we affirm the AJ's finding that this disclosure was not protected under 5 U.S.C. § 2302(b)(8).

IV

■ Ablestein also makes numerous assertions that the AJ erred by not permitting evidence to be entered into the record. Procedural matters relative to evidentiary issues fall within the sound discretion of the Board and its officials.

*See Curtin v. OPM,* 846 F.2d 1373, 1378–79 (Fed.Cir.1988). Based on the record before us, we cannot conclude that the AJ abused her discretion in denying Ablestein's evidentiary and discovery requests.

We have considered Ablestein's remaining arguments and find them unpersuasive. For the reasons stated above, the decision of the Board is affirmed.

No costs.