**Christopher S. HOLLOMAN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03-3287.

United States Court of Appeals, Federal Circuit.

DECIDED: June 10, 2004.

Nathaniel D. Johnson, Principal Attorney, Waldorf, MD, for Petitioner.

Domenique Kirchner, Principal Attorney, David M. Cohen, Deborah A. Bynum, of Counsel, Department of Justice, Calvin M. Morrow, Principal Attorney, Martha B. Schneider, Joyce G. Friedman, of Counsel, Washington, DC, for Respondent.

Before MICHEL, SCHALL, and DYK, Circuit Judges.

DECISION

PER CURIAM.

Christopher S. Holloman petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. *Holloman v. Dep't of Transp.*, No. PH-3443-02-0391-I-1, 94 M.S.P.R. 481 (M.S.P.B. June 23, 2003). We *affirm*.

DISCUSSION

I.

On June 23, 2002, Mr. Holloman was appointed to the position of civil aviation security specialist ("federal air marshal") with the Department of Transportation, Transportation Security Administration, Federal Air Marshal Service ("agency").

However, two months later, on August 23, 2002, during his probationary period, the agency informed him that it was removing him from his position, effective on that date. Mr. Holloman was told that he was being removed because he had failed to cooperate with a local police officer while attending training at the Federal Law Enforcement Training Center in Artesia, New Mexico.

Mr. Holloman appealed his removal to the Board. The administrative judge ("AJ") to whom the appeal was assigned issued an Acknowledgment Order in which he raised the issue of the Board's jurisdiction, in view of the fact that Mr. Holloman was a probationary employee when he was removed. At the same time, the agency moved to dismiss the appeal for lack of jurisdiction in view of Mr. Holloman's probationary status at the time of his removal.

On January 17, 2003, following a hearing, the AJ issued an initial decision in which he dismissed Mr. Holloman's appeal for lack of jurisdiction. *Holloman v. Dep't of Transp.*, No. PH–3443–02–0391–I–1 (M.S.P.B. Jan.17, 2003). The AJ rejected Mr. Holloman's argument that even though he had been removed while he was a probationary employee, the Board had jurisdiction to hear his appeal pursuant to 5 U.S.C. § 7511(a)(1)(C)(ii) (2000). That statute provides that an excepted service employee who is not a preference eligible, such as Mr. Holloman, may appeal an adverse action to the Board if he has "completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less...." Mr. Holloman invoked section 7511(a)(1)(C)(ii) based upon his previous employment as a railroad police officer with Amtrak. The AJ determined that Mr. Holloman's position with Amtrak was not under a temporary appointment limit-

ed to two years or less. In addition, he assumed, without deciding, that Mr. Holloman had completed two years of current, continuous service in his position with Amtrak, and that Amtrak is an "Executive agency" within the meaning of the statute. Based upon the evidence, however, the AJ found that Mr. Holloman had failed to sustain his burden of proving that his position as an Amtrak police officer was "similar" to his position as a federal air marshal. He therefore held that Mr. Holloman had failed to meet the requirements of section 7511(a)(1)(C)(ii) and dismissed the appeal for lack of jurisdiction.

The AJ's initial decision became the final decision of the Board on June 23, 2003, when the Board denied Mr. Holloman's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115 (2002). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The Board's determination of its jurisdiction, however, is a question of law we review *de novo*. *See Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed.Cir.1994). The Board's jurisdiction is not plenary but is limited to those actions made appealable to it by law, rule, or regulation. *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999).

Mr. Holloman had the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i) (2002). As explained above, the AJ dismissed Mr. Holloman's appeal after he found that Mr. Holloman had failed to establish that his previous position as an Amtrak police officer position was "similar" to his position as a federal air marshal for purposes of 5 U.S.C. § 7511(a)(1)(C)(ii). On appeal, Mr. Holloman argues that the decision of the Board on this point is not supported by substantial evidence. He therefore urges reversal.

We have no difficulty concluding that the Board did not err in holding that it lacked jurisdiction over Mr. Holloman's appeal. Two positions are "similar" for purposes of section 7511(a)(1)(C)(ii) if they "involve related or comparable work that requires the same or similar skills." *Mathis v. United States Postal Serv.*, 865 F.2d 232, 234–35 (Fed.Cir.1988). The Board has explained that the factors to be considered include whether the two positions require the same qualifications, whether they are in the same competitive level for reduction-in-force purposes, or whether interchange between the two is possible without significant training and without unduly interrupting the work program. *See, e.g., Spillers v. United States Postal Serv.*, 65 M.S.P.R. 22, 26 (1994) (citing *Van Skiver v. United States Postal Serv.*, 6 MSPB 630, 7 M.S.P.R. 18, 20 (1981), *aff'd on reconsideration*, 9 MSPB 28, 9 M.S.P.R. 380 (1982)); *see also* 5 C.F.R. § 752.402(g) (2002).

In this case, the Board found the testimony of Adam C. Kistler, Acting Deputy Chief of Training for the agency, more persuasive than testimony by Mr. Holloman and his witness. Mr. Kistler testified that although both positions at issue are in the arena of law enforcement, a federal air marshal works in a unique environment, under unique conditions, with substantially different skills. For example, as opposed to the stations, concourses, platforms, and trains upon which an Amtrak police officer works, a federal air marshal works alone, in the sky, and undercover. In contrast with an Amtrak police officer's situation, a federal air marshal uses law enforcement techniques not used elsewhere because of the confined structure and configuration of an airplane, and he faces distinct dangers while on duty in an aircraft. A federal air marshal also receives training that other law enforcement officers do not need, including position-specific training conducted in aircraft and simulators, and special fire training. Moreover, the firearms skill that a federal air marshal must meet is the highest in federal law enforcement, surpassing that of an Amtrak police officer. Furthermore, unlike an Amtrak police officer, a federal air marshal must attain a top secret security clearance. These findings regarding the two positions are supported by substantial evidence. Accordingly, because Mr. Holloman's Amtrak police officer position was not "similar" to his federal air marshal position, he was not entitled to appeal his removal to the Board pursuant to section 7511(a)(1)(C)(ii).

For the foregoing reasons, the decision of the Board dismissing Mr. Holloman's appeal for lack of jurisdiction is affirmed.