**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JONATHON M. SINCLAIR,
        Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
SF-0752-16-0565-I-1

DATE: October 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonathon M. Sinclair</u>, Henderson, Nevada, pro se.

<u>Shari Mauney</u>, Esquire, Phoenix, Arizona, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  On September 7, 2014, the agency used a Veterans Recruitment Appointment (VRA) authority under the Jobs for Veterans Act, Pub. L. No. 107-288, 116 Stat. 2033 (2002), to appoint the appellant to the excepted-service position of Mail Clerk, GS-0305-05.  Initial Appeal File (IAF), Tab 5 at 21.  On August 9, 2015, the appellant began a new VRA with the agency in the excepted-service position of Warehouse Helper, BB-6907-00.  *Id*. at 17-19.  The appointment documentation informed him that he was required to satisfactorily complete a new 2-year trial period.  *Id*.  On June 2, 2016, the agency terminated his appointment, citing misconduct on May 24-25, 2016.  *Id*. at 14-16.

¶3  On June 17, 2016, the appellant filed the instant appeal with the Board.  IAF, Tab 1.  After issuing an order on jurisdiction informing the appellant of his burdens and reviewing the parties' responses, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 7, Initial Decision (ID) at 1.

¶4    The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Whether the Board has appellate jurisdiction by statute in a removal or other adverse action depends on whether the appellant is a Federal "employee" as defined by 5 U.S.C. § 7511(a)(1). *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 5 (2010). The appellant asserted below, and the agency did not dispute, that he was a preference-eligible veteran detailed to the Warehouse Helper position from May 14, 2015, until his official appointment to that position on August 9, 2015. IAF, Tab 1 at 1, 8. As a preference eligible in the excepted service, the appellant would need to have completed 1 year of current continuous service in the same or similar positions with the agency in order to have appeal rights before the Board. 5 U.S.C. § 7511(a)(1)(B); ID at 5.

¶6    We agree with the administrative judge that the appellant's service on a detail does not entitle him to the rights of the position to which he was detailed and therefore cannot be credited toward his completion of 1 year of service in the same or similar positions. ID at 5; *see Wafford v. U.S. Postal Service*, 34 M.S.P.R. 691, 693 (1987). We further find that the appellant failed to make a nonfrivolous allegation that his Mail Clerk position was the "same or similar" to his Warehouse Helper position in that they did not involve related or comparable work that required the same or similar skills. *See Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 9 (2012) (citing *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988)). The appellant failed to make even a bare assertion that the Mail Clerk and Warehouse Helper positions were the same or similar. IAF, Tabs 1, 6; PFR File, Tab 1. Nor does the record contain any information regarding the duties of the positions. Accordingly, the appellant failed to make a nonfrivolous allegation that he was an "employee" with Board appeal rights under 5 U.S.C. chapter 75.

¶7 On review, the appellant alleges for the first time that his termination was based on partisan political reasons and/or preappointment reasons. PFR File, Tab 1 at 4-5. As with career or career-conditional employees, individuals who are terminated during the first year of their VRA may appeal to the Board if they contend that they were terminated based on partisan political reasons, their marital status, or for reasons based on conditions arising before their appointment without being afforded the procedural due process rights set forth at 5 C.F.R. § 315.805. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 2 n.1 (2016); 5 C.F.R. §§ 307.105, 315.806. Although the administrative judge informed the appellant of the Board's jurisdiction over such matters, IAF, Tab 3 at 4-5, the appellant failed to make any assertion below that his termination was based on such reasons, IAF, Tabs 1, 6. Because the appellant raised this argument for the first time on review, and he has not shown that he based his argument on new and material evidence not previously available despite his due diligence, the Board will not consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).

¶8 For the reasons set forth above, we deny the appellant's petition for review and affirm the initial decision dismissing his appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

      If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

      If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

      **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:  /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.