**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MANUEL ALEJANDRO HARO RICO,
Appellant,

v.

DEPARTMENT OF DEFENSE,
Agency.

DOCKET NUMBER
SF-315H-24-0538-I-1

DATE: March 13, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Manuel Alejandro Haro Rico</u>, Vacaville, California, pro se.

<u>Randy Ramirez</u>, and <u>Elda Teresa Lazard</u>, Esquire, San Antonio, Texas,
for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary-period termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

With his petition for review, the appellant submits documents that were not part of the record below that show he had prior service for a nonappropriated fund instrumentality (NAFI), without providing further explanation. Petition for Review (PFR) File, Tab 1 at 4-5. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not explained why he was unable to provide these documents that predate the initial decision to the administrative judge; thus, we do not consider them. In any event, we do not believe that these documents warrant a different outcome. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

To the extent the appellant provides these documents to suggest that his prior Federal service in a NAFI position should be combined with his agency service to meet the 1-year continuous service requirement or to "tack" pursuant to

5 C.F.R. § 315.802(b) (2024), we are not persuaded.[2] To qualify as an "employee" with appeal rights under chapter 75 of title 5, the appellant must show he either is not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to a year or less. 5 U.S.C. § 7511(a)(1)(A); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010). An appellant who has not served 1 year under an appointment can show he has completed the probationary or trial period by "tacking" on prior service, including NAFI service, if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b) (2024). Positions are in the same line of work if they involve related or comparable work that requires the same or similar skills. *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988) (interpreting the similar statutory language in 5 U.S.C. 7511(a)(1)(B)); *Sandoval v. Department of Agriculture*, 115 M.S.P.R. 71, ¶ 8, ¶ 11 n.2, ¶ 14 (2010) (explaining that the interpretation of section 7511(a)(1)(B) in *Mathis* applies to tacking under 5 U.S.C. § 7511(a)(1)(A)). Here, the appellant has not alleged or provided any information that his prior service in his NAFI position as a Recreation Assistant, working in Outdoor Recreation at the Equipment Rental Operation, was in the same line of work and involved similar duties, skills, and responsibilities as his position at issue here as a Medical Support Assistant, working in the Directorate of Nursing at the Defense Health Agency. Initial Appeal File (IAF), Tab 5 at 24; PFR File, Tab 1 at 4. Thus, the appellant's prior service as a Recreation Assistant does not count towards completing his

---

[2] Effective June 24, 2025—after the appellant's termination—OPM rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14,284. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

probationary period. *See Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b) (2024).

Alternatively, an individual can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action at issue, he had completed at least 1 year of current continuous service, either in the competitive or excepted service, without a break in Federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9; *Fitzgerald v. Department of the Air Force,* 108 M.S.P.R. 620, ¶ 10 (2008). The appellant has not identified any other prior Federal service other than his NAFI Recreation Assistant position. Because he served only 11 months and 25 days in the competitive service preceding his termination, he does not meet the definition of employee set forth in section 7511(a)(1)(A)(ii).

Lastly, a probationary employee in the competitive service may have a regulatory right to appeal a termination to the Board but only in three very limited circumstances, as follows: (1) the employee was discriminated against on account of marital status; (2) the employee was discriminated against based on partisan political affiliation; or (3) the agency action was based (in whole or part) on issues arising pre-appointment and the required procedures were not followed. *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 9 (2010); 5 C.F.R. §§ 315.805-.806 (2024). The administrative judge found the appellant did not nonfrivolously allege that he has a regulatory right to appeal his termination. IAF, Tab 7, Initial Decision at 5. On review, the appellant does not challenge this finding, and we decline to disturb it.

In light of the foregoing, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:         _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.