**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DEREK T. WILLIAMS, <br>            Appellant, | DOCKET NUMBER <br> DA-0752-15-0530-M-1 |
|       v. | |
| UNITED STATES POSTAL SERVICE, <br>            Agency. | DATE: January 4, 2017 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul M. Schoenhard, Esquire, Washington, D.C., for the appellant.

Charles E. Booth, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       This appeal is before the Board after the U.S. Court of Appeals for the Federal Circuit granted the Board's request to remand the case to the Board for further consideration.  Except as expressly MODIFIED by this Final Order to supplement the administrative judge's jurisdictional analysis, we AFFIRM the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision, issued in MSPB Docket No. DA-0752-15-0530-I-1, dismissing the appeal for lack of jurisdiction.

## BACKGROUND

¶2     Effective June 15, 2013, the agency appointed the preference-eligible appellant to a Rural Carrier Associate (RCA) position. *Williams v. U.S. Postal Service*, MSPB Docket No. DA-0752-15-0530-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 11 at 4-6, Tab 12 at 20, Tab 17 at 4. More than 18 months later, while he was employed as an RCA, the appellant applied and was selected for a temporary, time-limited appointment as a City Carrier Assistant (CCA) with the agency. *Williams v. U.S. Postal Service*, MSPB Docket No. DA-0752-15-0530-M-1, Remand File (RF), Tab 5 at 78-87, 92. Pursuant to applicable collective bargaining agreements, a 5-day break in service is required when an individual moves from an RCA position to a temporary, time‑limited CCA position with the agency.[2] *Id.* at 43, 73. Accordingly, approximately 22 months after he was appointed to the RCA position, on April 2, 2015, the appellant was separated from that position due to the required break in service.[3] IAF, Tab 12 at 21. Effective April 8, 2015, following a 5-day break in service, the agency appointed the appellant to the CCA position.[4] *Id.* at 22.

¶3     Approximately 3 months after the appellant was appointed to the CCA position, the agency terminated his employment after he was involved in a motor vehicle accident while on duty. *Id.* at 23-24. The appellant filed a timely Board

---

[2] We note that the appellant does not contend that a collectively bargained provision requiring a break in service is unlawful or otherwise unenforceable, and we do not reach that issue here.

[3] Although the appellant was separated from the RCA position effective April 2, 2015, the notification of personnel action reflecting his separation was not processed until April 16, 2015. IAF, Tab 12 at 21.

[4] Although the appellant was appointed to the CCA position effective April 8, 2015, the notification of personnel action reflecting his appointment was not processed until April 16, 2015. IAF, Tab 12 at 22.

appeal challenging his termination. IAF, Tabs 1-2. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 23, Initial Decision (ID); IAF, Tab 1 at 2. In pertinent part, she found that the appellant failed to raise a nonfrivolous allegation that he was a U.S. Postal Service employee with Board appeal rights because he had a break in service of more than 1 day between the RCA and CCA positions, and therefore, he had not completed 1 year of current continuous service at the time that he was terminated, as required by 5 U.S.C. § 7511(a)(1)(B)(ii).[5] ID at 5-6.

¶4 The appellant filed a petition for review of the initial decision. *Williams v. U.S. Postal Service*, MSPB Docket No. DA-0752-15-0530-I-1, Petition for Review (PFR) File, Tab 1. In a February 9, 2016 Final Order, the Board denied the appellant's petition for review. *Williams v. U.S. Postal Service*, MSPB Docket No. DA-0752-15-0530-I-1, Final Order (Feb. 9, 2016); PFR File, Tab 8.

¶5 The appellant appealed the Board's decision to the Federal Circuit. *Williams v. Merit Systems Protection Board*, MSPB Docket No. DA-0752-15-0530-L-1, Litigation File (LF), Tab 5. Before the Federal Circuit, the appellant, who was represented by counsel for the first time in the appeal, argued for the first time that, despite the required break in service, he was nevertheless an employee with Board appeal rights under the "continuing employment contract" theory in *Roden v. Tennessee Valley Authority*, 25 M.S.P.R. 363, 367-68 (1984). LF, Tab 5 at 12-13, 25-47. Alternatively, the appellant argued that, because the agency did not inform him that he would lose his appeal rights when he moved from the RCA position to the CCA position, he retained his Board appeal rights from the former position under the theory set forth in *Exum v. Department of Veterans Affairs*, 62 M.S.P.R. 344 (1994). LF, Tab 5 at 47-54.

---

[5] The administrative judge further found that, absent an otherwise appealable action, the Board lacked jurisdiction over the appellant's claims of prohibited personnel practices and harmful error in effectuating his termination. ID at 2, 6.

¶6    The Board requested that the Federal Circuit remand the appeal to the Board so that we could consider whether *Roden* was still good law, and if so, whether it would alter the Board's determination that it lacks jurisdiction over the appeal. LF, Tab 6 at 1-5.   Previously, the Federal Circuit granted a similar remand request in *Winns v. Merit Systems Protection Board*, MSPB Docket No. SF-0752-15-0165-L-2, another appeal in which an appellant alleged that the Board had jurisdiction over the appeal under the theory in *Roden*.  *Winns v. Merit Systems Protection Board*, Fed. Cir. No. 2016-1206, slip op. (Fed. Cir. Apr. 25, 2016).  The Board also granted the Board's remand request in the instant appeal. *Williams v. Merit Systems Protection Board*, No. 2016-1629, slip op. (Fed. Cir. June 22, 2016); LF, Tabs 7-8.

¶7    On remand, the Board issued a show cause order directing the parties to submit evidence and argument regarding several issues raised in the appellant's brief before the Federal Circuit.  RF, Tab 2.  Both parties responded to the show cause order.  RF File, Tabs 5-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which he then must prove jurisdiction by a preponderance of the evidence.  *Garcia v. Department of Homeland Security,* 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).  For the following reasons, we find that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over the instant appeal.

The appellant failed to raise a nonfrivolous allegation that he was an employee with Board appeal rights based on his service in the CCA position.

¶9    Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board.  *See* 5 U.S.C. §§ 7511(a)(1), 7513(d); *Mathis v. U.S.*

*Postal Service*, 865 F.2d 232 (Fed. Cir. 1988). Pursuant to 5 U.S.C. § 7511(a)(1)(B), the definition of an employee with the right to appeal to the Board includes a preference-eligible U.S. Postal Service employee who has completed "1 year of current, continuous service" in the same or similar positions.[6] 5 U.S.C. § 7511(a)(1)(B); *see* 5 U.S.C. §§ 7511(b)(8), 7513(d); *Mathis*, 865 F.2d at 232-33. An implementing regulation promulgated by the Office of Personnel Management (OPM), 5 C.F.R. § 752.402, defines current continuous service as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday."[7]

¶10     The appellant does not dispute that he was terminated from the CCA position approximately 3 months after his appointment to that position, and that there was a 5-day period between the end of his RCA appointment and the effective date of his CCA appointment. IAF, Tab 12 at 22-24; LF, Tab 5; RF, Tabs 6, 8. Nevertheless, he argues that he was an employee with Board appeal rights under section 7511(a)(1)(B) at the time he was terminated from the CCA position. LF, Tab 5; RF, Tabs 6 at 8-21, Tab 8 at 7-10. For the reasons discussed below, we disagree.

---

[6] Employees of the U.S. Postal Service also may appeal adverse actions to the Board under 5 U.S.C. chapter 75 if they are management or supervisory employees, or employees engaged in personnel work in other than a purely nonconfidential clerical capacity. 5 U.S.C. § 7511(b)(8); 39 U.S.C. § 1005(a)(4)(A)(ii)(I); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996). The appellant has not alleged, and the record does not reflect, that he was employed in any of these capacities. IAF, Tabs 1-2, Tab 12 at 17-22.

[7] Although 5 C.F.R. § 752.402 refers to "current continuous employment," rather than "current continuous service," the appellant does not dispute that the regulation was enacted to implement 5 U.S.C. chapter 75, and applies to the definition of "current continuous service" in 5 U.S.C. § 7511(a)(1)(B). LF, Tab 5; RF, Tabs 6, 8; *see Wilder v. Merit Systems Protection Board*, 675 F.3d 1319, 1322 n.1 (Fed. Cir. 2012) (finding that "there is no suggestion" that the definition of current continuous employment in 5 C.F.R. § 752.402 does not apply to section 7511(a)(1)).

*The appellant cannot establish Board jurisdiction under a "continuing employment contract" theory.*

¶11    First, the appellant contends that he is an employee with Board appeal rights under the "continuing employment contract theory" set forth in *Roden*. LF, Tab 5 at 12-13, 25-47; RF, Tab 6 at 8-21, Tab 8 at 7-9. In *Roden*, the Board found that a preference‑eligible employee who held a series of five temporary appointments to the same position, separated by short breaks in service, established jurisdiction over his termination appeal, even though he held the appointment from which he was terminated for less than a year. 25 M.S.P.R. at 367-68. The Board found that, even assuming that section 7511(a)(1)(B) generally excludes service that is interrupted by a break in service of a workday, it was obligated to "look beyond the form of statutory and other provisions, and to determine the purpose which these provisions were intended to serve." *Id.* at 367. Under the circumstances at issue, the Board found that the agency had "effectively entered into a continuing employment contract" with the employee, and therefore, despite several breaks, his service was "continuous" within the meaning of section 7511(a)(1)(B). *Id.* at 368.

¶12    In our recent Opinion and Order in *Winns v. U.S. Postal Service*, 2017 MSPB 1, ¶¶ 9‑18 (2016), we overruled *Roden* and subsequent decisions finding that an appellant may establish "current continuous service" for purposes of section 7511(a)(1)(B) under a "continuing employment contract" theory, despite a break in service of a workday. We held that the ordinary meaning of "current continuous service" in section 7511(a)(1)(B) appears to preclude breaks in service, and even assuming that the statute was silent or ambiguous, OPM's implementing regulation at 5 C.F.R. § 752.402 is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842‑43 (1984). *Winns*, 2017 MSPB 1, ¶¶ 9‑18.

¶13    We have considered the appellant's arguments in the instant appeal regarding why *Roden* should remain good law, and find that they were either

addressed in our Opinion and Order in *Winns*, or do not form a basis to revisit our precedential decision overruling *Roden*. RF, Tab 6 at 8-21, Tab 8 at 7-9. For example, the appellant's argument that *Roden* benefits preference‑eligible veterans does not allow us to extend the Board's jurisdiction beyond that provided by statute and regulation. RF, Tab 6 at 17; *see Hartman v. Merit Systems Protection Board*, 77 F.3d 1378, 1380 (Fed. Cir. 1996) (finding that the Board's jurisdiction under 5 U.S.C. chapter 75 only encompasses appeals by "employees" as defined in section 7511(a)(1)). Similarly, the fact that *Roden* has been precedent for many years, RF, Tab 6 at 8, 15, and subsequent decisions have relied on it, *id.* at 18, does not prevent us from overruling the decision when, as here, after further consideration, we determine that it was incorrectly decided, *see, e.g.*, *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013) (overruling a prior Board decision that had been effect for approximately 15 years when we determined that it was incorrectly decided).

¶14    The appellant also contends that any decision overruling *Roden* should not apply to cases involving matters that transpired before *Roden* was overruled. RF, Tab 6 at 15 n.11. However, under general principles of law, judicial decisions are given retroactive effect to pending cases, whether or not those cases involve pre‑decision events. *Heartland By-Products, Inc. v. U.S.*, 568 F.3d 1360, 1365 (Fed. Cir. 2009); *Porter v. Department of Defense*, 98 M.S.P.R. 461, ¶¶ 13‑14 (2005). Moreover, by definition, a jurisdictional ruling can never be prospective only. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) (finding that a court lacks jurisdiction to consider the merits of a case over which it is without jurisdiction and thus a jurisdictional ruling may never be prospective only); *Williams v. Department of Defense*, 53 M.S.P.R. 23, 26 (1992) (same). Therefore, because we overruled *Roden* and subsequent decisions relying on *Roden* in *Winns*, the "continuing employment contract" does not provide a basis for finding that the Board has jurisdiction over the instant appeal.

> *The appellant failed to otherwise raise a nonfrivolous allegation that his service was "continuous" within the meaning of section 7511(a)(1)(B).*

¶15     Alternatively, the appellant argues that, regardless of whether *Roden* is good law, he is an employee with Board appeal rights because he did not undergo a break in service.  RF, Tab 6 at 14-15.  Specifically, he contends that 5 C.F.R. § 752.402 does not define the term "break," and that the term should not apply when, as here, he was selected for the CCA position before his RCA appointment ended.  *Id*.  We find this argument unpersuasive.

¶16     Although 5 C.F.R. § 752.402 does not define "break," when construing a regulation, we first examine the regulatory language itself to determine its plain meaning, and if the language is clear and unambiguous, the inquiry ends with the plain meaning.  *See Roberto v. Department of the Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006).  The Board may refer to dictionary definitions to determine the ordinary meaning of an undefined regulatory term.  *American Express Co. v. U.S.*, 262 F.3d 1376, 1381 n.5 (Fed. Cir. 2001).  The Merriam Webster Collegiate Dictionary defines "break" as "an interruption in continuity."  Merriam Webster Collegiate Dictionary 140 (10th ed. 2002).  Similarly, Webster's II New Riverside University Dictionary defines "break" as "a disruption in continuity or regularity."  Webster's II New Riverside University Dictionary 199 (1984).  Thus, the ordinary meaning of the term "break" in 5 C.F.R. § 752.402 clearly encompasses the 5-day interruption in the appellant's employment with the agency pursuant to the "required break" under the applicable collective bargaining agreements.  IAF, Tab 12 at 21‑22; RF, Tab 5 at 43, 73.

¶17     Accordingly, for this reason, and the reasons discussed above, the appellant failed to raise a nonfrivolous allegation that he completed "1 year of current continuous service" at the time that he was terminated, as required by 5 U.S.C.

§ 7511(a)(1)(B)(ii), and therefore, the Board lacks jurisdiction over the appeal based on the appellant's service in the CCA position.[8]

The appellant failed to raise a nonfrivolous allegation that he retained his appeal rights from his former CCA position under the theory set forth in *Exum*.

¶18        The appellant alternatively argues that, even if he did not have Board appeal rights based on his service in the CCA position, he nevertheless retained his appeal rights from his former RCA position under the theory set forth in *Exum*. LF, Tab 5 at 47-51; RF, Tab 6 at 21-24, Tab 8 at 11-12. The appellant raised this argument for the first time on appeal before the Federal Circuit, and the Federal Circuit could have properly found that the argument was waived. *See Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 668 (Fed. Cir. 1998) (finding that a party in a Board proceeding "must raise an issue before the administrative judge if the issue is to be preserved for review" before the Federal Circuit). However, the Federal Circuit has remanded the appeal to the Board, and because the appellant alleges that his new argument implicates the Board's jurisdiction over the appeal, and the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding, we will consider it. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

¶19        In *Exum*, the Board found that when an individual moved from a full‑time position with Board appeal rights to a part-time position without Board appeal rights within the same agency, and the agency should have known that she was acting under the erroneous impression that her appeal rights would not be affected by the change, the agency was obligated to inform her of the effect that the change in position would have on her Board appeal rights. 62 M.S.P.R.

---

[8] We make no finding as to whether the RCA and CCA positions are the same or similar, having found that the Board lacks jurisdiction over the appeal on the ground that the appellant did not have 1 year of current continuous service. *See* 5 U.S.C. § 7511(a)(1)(B) (requiring that the current continuous service be "in the same or similar positions").

at 345−49. The Board remanded the appeal to, among other things, determine whether the individual would have accepted the new position if she had known of the effect on her Board appeal rights. *Id.* at 350.

¶20 Subsequent Board decisions have relied on *Exum* to find that: (1) when an employee moves between positions within the same agency, and forfeits his appeal rights as a result of accepting the new appointment, the agency must inform the employee of the effect the move will have on his appeal rights; and (2) if the employee was unaware of the loss of Board appeal rights that would result from accepting the new position and he would not have accepted the new position had he known of the loss of appeal rights, he is deemed not to have accepted the new appointment and to have retained the rights incident to his former appointment. *Boudreault v. Department of Homeland Security*, 120 M.S.P.R. 372, ¶¶ 4, 11 (2013); *Yeressian v. Department of the Army*, 112 M.S.P.R. 21, ¶ 12 (2009); *Lopez v. Department of the Navy*, 103 M.S.P.R. 55, ¶¶ 12, 16 (2006), *overruled in part on other grounds by Nelson v. Department of Health & Human Services*, 119 M.S.P.R. 276 (2013).

¶21 On remand, the agency requests that we overrule *Exum* and subsequent decisions relying on *Exum*.[9] RF, Tab 5 at 19-21. We decline to do so here.

¶22 Alternatively, the agency requests that we narrow the application of *Exum* to circumstances where the agency has reason to know that an employee erroneously believes that he will retain his appeal rights despite a change in

---

[9] In requesting that we overrule *Exum*, the agency erroneously asserts that the Federal Circuit "criticized *Exum* and its progeny" in *Rice v. Merit Systems Protection Board*, 522 F.3d 1311 (Fed. Cir. 2008). RF, Tab 5 at 19-20. In *Rice*, the Federal Circuit declined to decide whether it would adopt the rule set forth in *Exum*, but instead found that regardless, the rule could not be applied to the facts at issue, where statutory amendments to section 7511 enacted after the appellant accepted her new position would have denied her Board appeal rights in that position. *Id.* at 1319-20. Subsequently, in *Carrow v. Merit Systems Protection Board*, 626 F.3d 1348, 1354 (Fed. Cir. 2010), the Federal Circuit again declined to either approve or disapprove of the rule set forth in *Exum* and subsequent Board decisions applying *Exum*.

position.  RF, Tab 5 at 10-12, Tab 8 at 11-12.  However, at this time, we decline to overrule or narrow subsequent Board decisions applying an agency's duty to advise an employee of the loss of Board appeal rights regardless of whether there was evidence that the agency knew or should have known that the employee was operating under a misapprehension regarding the effect of moving to a new position with the agency.  *See Clarke v. Department of Defense*, 102 M.S.P.R. 559, ¶ 11 (2006); *Edwards v. Department of Justice*, 86 M.S.P.R. 404, ¶¶ 6-10 (2000); *see also Rice*, 522 F.3d at 1318-19 (finding that the Board's decisions do not limit the application of *Exum* to circumstances when an agency knew or should have known that the employee was operating under a misapprehension regarding the effect of a change in position on the loss of appeal rights).

¶23    Accordingly, we must determine whether, under the circumstances at issue here, the appellant raised a nonfrivolous allegation of jurisdiction over his appeal based on the theory set forth in *Exum* and its progeny.  It is undisputed that the appellant was an employee with Board appeal rights in the RCA position when he accepted the CCA position, because he was preference eligible and served in that position continuously for more than a year.  IAF, Tab 12 at 20‑21; RF, Tab 5 at 8.  We further find that when, as here, the appellant was selected for the CCA position while he was serving in the RCA position, and the 5-day break in service only occurred because he was changing positions within the agency, the break in service does not preclude the application of the theory set forth in *Exum*.  *Cf. Williams-Hargraves v. Department of Housing & Urban Development*, 88 M.S.P.R. 176, ¶ 11 (2001) (finding that the theory in *Exum* did not apply when an appellant had not been employed by an agency for 7 months when she accepted her new position with the agency).

¶24    It appears undisputed that the agency did not explicitly inform the appellant that he would lose his Board appeal rights if he moved from the RCA position to the CCA position.  RF, Tabs 5-8.  However, the agency contends that it gave the appellant "sufficient information to understand he would waive his appeal rights

by changing positions" because:  (1) the CCA vacancy announcement stated that breaks in service were required and that the position was a temporary appointment not to exceed 360 days; and (2) the appellant's job offer letter for the CCA position stated that his appointment would be subject to a probationary period.  RF, Tab 5 at 15-16, 88.

¶25    Nevertheless, for a preference-eligible individual in the excepted service, such as the appellant, the absence or completion of a probationary or trial period is not determinative of whether he is an employee with Board appeal rights. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011). Rather, the dispositive issue is whether the appellant satisfied the requirement of 1 year of current continuous service in the same or similar positions, and service in a temporary appointment may be counted towards the completion of that requirement.  *Id*.; *see* 5 U.S.C. § 7511(a)(1)(B).  Although the appellant was aware that a break in service was required at the time that he changed positions, there is no indication that he understood the legal implications of the required break in service on his Board appeal rights.[10]

¶26    We need not decide whether the information that the agency provided the appellant was sufficient to notify him that he would lose his appeal rights because regardless, for another reason, we find that he failed to raise a nonfrivolous allegation of jurisdiction over his appeal under the theory in *Exum*.  Under *Exum* and its progeny, an appellant may only retain Board appeal rights from a former position if he establishes that he would not have accepted his new position with the agency if he had known of the resulting loss of appeal rights.[11]  *Yeressian*,

---

[10] However, the appellant has not directly asserted that he failed to understand the legal implications of the break.  RF, Tab 6 at 27-28.

[11] Although the appellant requests that we overrule prior Board precedent to this effect, we decline to do so.  RF, Tab 6 at 23-24.  The appellant has failed to provide a persuasive justification as to why we would restore appeal rights from a former position when an employee would have accepted a new position regardless of the loss of appeal rights.

112 M.S.P.R. 21, ¶ 13 (remanding an appeal for a jurisdictional finding regarding whether an appellant would have accepted a new position if he had known of the loss of appeal rights); *Exum*, 62 M.S.P.R. at 350 (same).  On remand, we ordered the appellant to submit evidence and argument regarding whether he would have accepted the CCA position if the agency had informed him that he would lose his appeal rights.  RF, Tab 2 at 4.  In response, the appellant submitted a declaration under penalty of perjury, which stated, "At this point in time, I do not know whether I would have accepted the CCA position in April 2015 had I been informed by the [agency] that I would have allegedly lost my appeal rights."  RF, Tab 6 at 28.  Because the appellant failed to allege that he would not have accepted the CCA position if he had known that he would lose his appeal rights, we find that he failed to raise a nonfrivolous allegation of jurisdiction over the appeal.[12]

¶27      Accordingly, for these reasons and the reasons set forth above, we affirm the initial decision, as modified, to supplement the administrative judge's jurisdictional analysis, still dismissing the appeal for lack of jurisdiction.[13]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

¶28      The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[12] The Board's regulations define a nonfrivolous allegation as "an assertion that, if proven, could establish the matter at issue."  5 C.F.R. § 1201.4(s).

[13] We also have considered the appellant's argument before the Federal Circuit that the Board has jurisdiction over the appeal based on a purported due process violation, and find that it fails to raise a nonfrivolous allegation of Board jurisdiction.  LF, Tab 5 at 51-54.  An allegation that the agency failed to provide due process does not confer an independent basis for the Board to review matters outside of its jurisdiction.  *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 16 (2011).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.