**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRANDY BRANSTETTER, <br>         Appellant, <br><br>     v. <br><br> DEPARTMENT OF THE INTERIOR, <br>         Agency. | DOCKET NUMBER <br> DE-315H-16-0125-I-1 <br><br><br> DATE: April 27, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Michael W. Macomber</u>, Esquire, Albany, New York, for the appellant.

<u>Gavin M. Frost</u>, Esquire, and <u>Jennifer Koduru</u>, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     On November 19, 2015, the agency separated the appellant from the position of Utility Systems Operator (USO) during his probationary period. Initial Appeal File (IAF), Tab 5 at 23, 48-49. The appellant's Federal service preceding his competitive-service appointment as a USO consisted of seven temporary appointments. *Id.* at 49-50, 65-71. As relevant here, the last six were alternating appointments to the position of Maintenance Worker, served from spring to fall, and Laborer, served from fall to spring. *Id.* at 65-71. The final temporary Laborer appointment was from October 19 to November 29, 2014. *Id.* at 49-50, 63. On November 30, 2014, he was appointed to the position of USO, without a break in service, subject to 1-year probation. *Id.* at 49-50.

¶3     The appellant filed a pro se appeal to the Board challenging his separation. IAF, Tabs 1, 9. The administrative judge informed him of his jurisdictional burden and pointed out that he could show he was not a probationer if his Federal service immediately preceding the USO appointment contained no more than one break in service of 30 days or less, and was performed in the same agency and in the same line of work. IAF, Tab 6 at 2-3. The appellant responded that he satisfied the criteria. IAF, Tab 9. The agency replied by producing job descriptions of Maintenance Worker, Laborer, and USO. IAF, Tab 10 at 6-13, Tab 12 at 8-27.

¶4     The administrative judge found that the appellant's prior Federal service could not be tacked on to his probationary appointment because the USO and Laborer positions were not in the same line of work. IAF, Tab 16, Initial Decision (ID) at 5-6. She then found that he was a probationer who did not allege that his termination was based on marital status or partisan political reasons, and dismissed his appeal for lack of jurisdiction, without holding his requested hearing. ID at 7-8.

¶5     The appellant has timely petitioned for review. Petition for Review (PFR) File, Tab 3. He argues that the administrative judge: (1) did not provide him

with the guidance sufficient for a pro se litigant; and (2) failed to view his allegations about the duties he performed during his prior Federal service in the light most favorable to him.  *Id.* at 5.  The agency has responded to the petition for review, and the appellant has replied.  PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge provided the appellant with guidance sufficient for a pro se litigant to nonfrivolously plead Board jurisdiction.</u>

¶6      An administrative judge is obligated to provide an appellant with explicit information concerning what is required to establish jurisdiction over his appeal, *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985), and the Board has demonstrated heightened sensitivity to pro se appellants when administrative judges have failed to detail jurisdictional burdens, *see Mesbah v. Department of Justice*, 87 M.S.P.R. 491, ¶ 8 (2001).  Below, the administrative judge informed the appellant of the jurisdictional requirements under 5 C.F.R. § 315.802(b).  IAF, Tab 6 at 2-3.  While she did not clarify that an employee's "line of work" is "determined by the employee's actual duties and responsibilities," 5 C.F.R. § 315.802(b)(2), the appellant's response to her jurisdictional order indicated his awareness of that principle, IAF, Tab 9.  Thus, we find that he was not deprived of the guidance he needed.

<u>The administrative judge erred in finding that the appellant failed to nonfrivolously allege jurisdiction.</u>

¶7      To appeal an adverse action, such as a removal, an individual appointed to the competitive service generally is required to complete a 1-year probationary period.  5 U.S.C. § 7511(a)(1)(A); *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002) (addressing the alternative methods under section 7511(a)(1)(A) by which an appellant may prove that he is a competitive-service "employee" who may appeal his removal).  However, an appellant who has not served a full year under his appointment can acquire appeal rights by tacking his prior Federal service onto his probationary service, provided

that his prior service was completed with no more than one break in service of 30 days or less, and was in the same agency and line of work. *See* 5 C.F.R. § 315.802(b). The positions are in the same line of work if they involve related or comparable work that requires the same or similar skills.[2] *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988) (interpreting the similar statutory language in 5 U.S.C. 7511(a)(1)(B)); *Sandoval v. Department of Agriculture*, 115 M.S.P.R. 71, ¶ 8, ¶ 11 n.2, ¶ 14 (2010) (explaining that the interpretation of section 7511(a)(1)(B) in *Mathis* applies to tacking under 5 U.S.C. § 7511(a)(1)(A)).

¶8 Below, the appellant alleged that, during his prior Federal service, his duties were similar to those of a USO, and he kept performing these duties regardless of seasonal changes in his job title, which was altered merely to accommodate the agency's administrative needs. IAF, Tab 9; PFR File, Tab 7 at 6-8. The administrative judge did not address these allegations and found that the appellant's prior Federal service was not in the same line of work as his probationary appointment because the USO and Laborer positions had different job descriptions. ID at 5-6. In doing so, she erred. *See Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶¶ 11‑13 (2006) (remanding an appeal that an administrative judge dismissed for lack of jurisdiction without holding a hearing in light of the differences in job descriptions, and pointing out that he was required to address the appellant's allegations about the nature and character of the duties he actually performed); 5 C.F.R. § 315.802(b)(2) (indicating that whether positions are in the same line of work is "determined by the employee's actual duties and responsibilities").

¶9 The administrative judge also erred in finding that the appeal could be dismissed for lack of jurisdiction because the agency met its burden by

_____

[2] In determining whether positions are in the same line of work, the Board also may consider whether the positions are in the same competitive level for reduction-in-force purposes. *Pagan v. U.S. Postal Serv*ice, 111 M.S.P.R. 212, ¶ 6 (2009).

preponderant evidence. ID at 6-7. The process of establishing Board jurisdiction generally is a two-step inquiry. *See Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102 (Fed. Cir. 2011), *modified by regulation on other grounds, as recognized in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016). Initially, an appellant is obligated to raise nonfrivolous allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *See Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007); 5 C.F.R. § 1201.4(s). If he raises nonfrivolous allegations, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *See Bledsoe*, 659 F.3d at 1102; *O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, ¶ 5 (2002). Therefore, the preponderant evidence test is inapplicable to the initial stage of the jurisdictional inquiry in general and to an agency's submissions in particular. Moreover, an administrative judge may not deem the agency's evidence dispositive if it merely contradicts the appellant's otherwise adequate prima facie showing of jurisdiction. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Accordingly, a remand is necessary. On remand, the administrative judge should afford the appellant his requested jurisdictional hearing and determine whether he meets the definition of employee under section 7511(a)(1)(A).

**ORDER**

¶10	For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:	/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.