**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM C. SMITH, | DOCKET NUMBER |
| Appellant, | DC-0752-18-0485-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: April 24, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Crayon, Jr., Esquire, Kennesaw, Georgia, for the appellant.

Laura Geigel, Esquire, and Sarah I. Grafton, Esquire, Arlington, Virginia, for the agency.

Michael W. Gaches, Esquire, Springfield, Virginia, for the agency.

Steven J. Lewengrub, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

The Department of Homeland Security indefinitely suspended the appellant from the excepted service position of SV-0301-J Supervisory Program Specialist with the Transportation Security Administration (TSA), effective June 29, 2016. Initial Appeal File (IAF),[2] Tab 8 at 10-13. The agency based the action on the suspension of the appellant's security clearance. *Id.* at 11. The appellant filed an equal employment opportunity (EEO) complaint with the agency's Office for Civil Rights and Civil Liberties and, on September 1, 2017, the agency issued a Final Agency Decision finding no discrimination. IAF, Tab 1 at 30-38. This appeal followed. The administrative judge adjudicated the appeal on the merits and affirmed the agency's action. IAF, Tab 32. The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1.

---

[2] The tab citations throughout this Final Order, with the exception of the initial decision, refer to the tabs in the appeal file in *Smith v. Department of Homeland Security*, MSPB Docket No. DC-0752-18-0003-I-1, which involves the appellant's subsequent removal.

Notwithstanding the administrative judge's adjudication of the merits of the appeal, the issue of jurisdiction is always before the Board and may be raised at any time in a Board proceeding. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

Here, because the appellant worked for the TSA, the Aviation and Transportation Security Act (ATSA) applies to this case. *See Wilson v. Department of Homeland Security*, 122 M.S.P.R. 262, ¶ 3 (2015). Under the ATSA, TSA employees are covered by the personnel management system that is applicable to employees of the Federal Aviation Administration (FAA), except to the extent that the Administrator for TSA modifies that system. *Id*. Pursuant to the FAA system, individuals who meet the definition of an "employee" under 5 U.S.C. § 7511(a)(1) generally are entitled to appeal adverse actions to the Board. *Id*.

Under 5 U.S.C. § 7511(a)(1)(C)(ii), an individual in the excepted service (other than a preference eligible) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less is an employee with Board appeal rights. *See* 5 C.F.R. § 752.401(c)(5). Similarly, under the agency's regulations, TSA Handbook to Management Directive 1100.75–3, Addressing Unacceptable Performance and Conduct, § J(2)(b) (Feb. 12, 2014), an employee who is not a Transportation Security Officer (TSO) and is not preference eligible may appeal to the Board only if he has at least 2 years of current continuous service in the same or similar position. IAF, Tab 8 at 75, 96.

The appellant, a non-TSO who is not preference eligible, was promoted to the excepted service SV-0301-J Supervisory Program Specialist position from a SV-343-I Program Analyst position, effective July 26, 2015. IAF, Tab 8 at 35; PFR File, Tab 5 at 30. He was indefinitely suspended effective June 29, 2016,

IAF, Tab 8 at 10, and his removal was effected on February 20, 2017, IAF, Tab 6 at 34. Therefore, even if all of the time between June 29, 2016, and February 20, 2017, when the appellant was in a nonpay status, is credited to his completion of the required 2 years in the same or similar position, he lacks 2 years of current continuous service in the Supervisory Program Specialist position. Because the record failed to establish whether the Program Analyst and Supervisory Program Specialist positions are the same or similar, the Board was unable to determine whether the appellant has the 2 years of current continuous service in the same or similar position necessary to establish Board jurisdiction over his appeal. Thus, it ordered the parties to submit evidence and argument on the issue of whether the appellant has 2 years of current continuous service in the same or similar position. PFR File, Tab 4. The parties have responded. PFR File, Tabs 5, 8.

## ANALYSIS

The appellant has not made a nonfrivolous allegation of jurisdiction.

Because, as noted, the appellant did not have 2 years of current continuous service in the Supervisory Program Specialist position, the Board's jurisdiction over this appeal turns on whether the Program Analyst[3] and Supervisory Program

---

[3] It appears that the appellant had more than 2 years of current continuous service in the Program Analyst position when he applied for and accepted promotion to the Supervisory Program Specialist position and likely had Board appeal rights in the Program Analyst position under § 7511(a)(1)(C)(ii) when he was promoted. PFR File, Tab 5 at 13, Tab 8 at 17. In *Exum v. Department of Veterans Affairs*, 62 M.S.P.R. 344, 349-50 (1994), the Board held that, when an employee moves to a new position within the same agency and forfeits his Board appeal rights as a result, the agency must inform the employee of the effect the move will have on his appeal rights; if the employee was unaware of the loss of Board appeal rights that would result from accepting the new position and he would not have accepted the new position had he known of the loss of appeal rights, he is deemed not to have accepted the new appointment and to have retained the rights incident to his former appointment. The U.S. Court of Appeals for the Federal Circuit has specifically disapproved of the *Exum* rule for intra-agency transfers and has held that an agency's failure to inform an employee of the consequences of a voluntary transfer cannot confer appeal rights on an employee in a position which has no appeal rights by statute. *Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1163 (Fed. Cir. 2018). Applying *Williams*, we find that the

Specialist positions are the same or similar for purposes of § 7511(a)(1). If they are not, then the appellant is not an employee under § 7511(a)(1)(C)(ii) and he may not appeal his indefinite suspension to the Board. Alternatively, if the positions are the same or similar, then the appellant qualifies as an employee under subsection (C)(ii) and establishes his right of appeal. *See Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999).

The regulations implementing 5 U.S.C. chapter 75, subchapter II, define "similar positions" as "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work." 5 C.F.R. § 752.402. Moreover, positions may be deemed "similar" if they are in the "same line of work," which has been interpreted as involving "related or comparable work that requires the same or similar skills." *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988). Our reviewing court has interpreted such language to mean that positions are similar "if experience in [one] position demonstrates the knowledge, skills, and abilities required to perform the work of the other job." *Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1333 (Fed. Cir. 2006); *accord Mathis*, 865 F.2d at 234; *Spillers v. U.S. Postal Service*, 65 M.S.P.R. 22, 26 (1994). In conducting this analysis, the Board must focus on the employee's actual duties and the work actually performed. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 15 (2011). In determining whether positions are the "same or similar," a careful job analysis of the two positions in question, not the job titles, must be made. *Shobe v. U.S. Postal Service*, 5 M.S.P.R. 466, 471 (1981). The Board will consider the totality of the circumstances in making its determination. *Pagan v. U.S. Postal Service*, 111 M.S.P.R. 212, ¶ 6 (2009).

agency had no duty to inform the appellant that his promotion to the Supervisory Program Specialist position could cause him to lose his Board appeal rights, and its failure to so inform the appellant cannot confer appeal rights under § 7511(a)(1)(C)(ii).

In his response to the Show Cause Order, the appellant asserts that the positions in question are the same or similar. In support of his assertion, he submits an affidavit comparing his duties as a Program Analyst documenting the EEO process and his duties as a Supervisory Program Specialist documenting the "Redress" process, and states that he had prior supervisory experience and would not have been selected if the two positions were not similar. PFR File, Tab 5 at 13-16. He contends that there was no meaningful difference in the supervisory duties of the positions because his Program Analyst position involved team leadership roles. *Id.* at 16. He also submits the following: excerpts from Position Classification Standards guidance highlighting the definition of the term "series," *id.* at 17-19; his application for the Supervisory Program Specialist position, which emphasized his prior supervisory experience, *id.* at 20-24; a Salary Increase Justification form, *id.* at 25; excerpts from the Handbook of Occupational Groups and Families, describing series 0343 and 0301, *id.* at 26-29; a 2015 appraisal form for the Program Analyst position, *id.* at 30-38; and a 2016 appraisal form for the Supervisory Program Specialist position, *id.* at 39-49.

The Program Analyst position is in the 0343 series. The Handbook of Occupational Groups and Families, issued by the Office of Personnel Management (OPM) and dated December 2018, describes the 0343 Management and Program Analysis series as follows:

> This series covers positions that primarily serve as analysts and advisors to management on the evaluation of the effectiveness of government programs and operations or the productivity and efficiency of the management of Federal agencies or both. Positions in this series require knowledge of: the substantive nature of agency programs and activities; agency missions, policies, and objectives; management principles and processes; and the analytical and evaluative methods and techniques for assessing program development or execution and improving organizational effectiveness and efficiency. Some positions also require an understanding of basic budgetary and financial management principles and techniques as they relate to long range planning of programs and objectives. The work requires skill in: application of

> fact-finding and investigative techniques; oral and written communications; and development of presentations and reports.

*Id*. at 29.

The Supervisory Program Specialist position is in the 0301 series. OPM's Handbook describes the 0301 Miscellaneous Administration and Program Series as follows:

> This series covers positions the duties of which are to perform, supervise, or manage two-grade interval administrative or program work for which no other series is appropriate. The work requires analytical ability, judgment, discretion, and knowledge of a substantial body of administrative or program principles, concepts, policies, and objectives.

*Id*. at 28.

OPM's Handbook thus describes the two series very differently. The appellant argues, however, that because both the Program Analyst and Supervisory Program Specialist positions are in the "300 series," they are similar. However, the appellant's evidence does not support that assertion. Classification standards define "series" as a subdivision of an occupational group consisting of positions similar as to specialized line of work and qualification requirements. *Id*. at 18. Those standards define "occupational group" as a major subdivision of the General Schedule, embracing a group of associated or related occupations; e.g., the Accounting and Budget Group, GS−500; the Engineering and Architecture Group, GS−800; the General Administrative, Clerical, and Office Services Group, GS−300. *Id*. Thus, although the Program Analyst and Supervisory Program Specialist are in the same 300 "occupational group," contrary to the appellant's assertion, they are not in the same series. Therefore, although the appellant's submissions show that the Program Analyst and Supervisory Program Specialist positions may be "associated or related," those submissions do not constitute a nonfrivolous allegation that they are "similar."

A comparison of the appellant's 2015 appraisal form for the Program Analyst position, *id*. at 30-38, and his 2016 appraisal form for the Supervisory Program Specialist position, *id*. at 39-49, shows that the Program Analyst position is in the I Band, has no requirement for a security clearance, and has six Core Competencies as follows:

1. Accomplishes high volumes of work with daily and long term priorities. Shifts among job tasks with competing priorities. Operates within project deadlines;

2. Welcomes change and new information, ideas, and strategies. Adapts work methods in response to new information, unexpected obstacles, and changing conditions. Adjusts rapidly to new situations warranting attention and resolution. Develops contingency plans to ensure objectives can be met.

3. Applies policies, directives, and regulations that relate to TSA operations and programs when making decisions. Ensures that activities, services, or products reflect organizational goals and objectives. Adjusts priorities to respond to pressing and changing needs. Adapts work methods in response to new information and changing conditions.

4. Identifies the existence of problems that impede accomplishing tasks. Researches the cause of problems and offers a variety of solutions to resolve problems. Explores new ways to accomplish tasks. Implements solutions to problems to ensure completion of affected tasks.

5. Listens actively and attends to non-verbal cues when communicating with others. Provides information on products, services, resources, or opportunities, as applicable. Explains, defends, or justifies decisions, recommendations, and findings. Discusses results, problems, plans, suggestions, terms, or conditions with others. Persuades others to take a particular course of action or to accept findings and recommendations. Acts effectively as a liaison between work unit and customers. Prepares reports, briefs, and studies. Explains technical or other complex information.

6. Uses a variety of job-specific software systems and databases. Verifies the accuracy of the data captured and transcribed. Processes forms, records, documents, or other materials. Collects, compiles, organizes, and transfers electronic

information. Reviews reports, documents, or other materials to verify correctness, compliance, or authenticity. Searches for and extracts information from data repositories, file servers, Internet, reports, and publications. Remains current on developments, technologies, and work practices. Acquires and develops new job skills and knowledge. Applies and maintains specialized job skills and knowledge.

*Id*. at 31-33.

The Supervisory Program Specialist position, also referred to as a Redress Operations Manager, is in the J Band, requires a secret security clearance, IAF, Tab 8 at 23-29, and the performance plan for the position has seven core competencies, PFR File, Tab 5 at 41-45. Of these core competencies, the first four are identical to those of the Program Analyst position. The fifth is similar. However, it also provides that the incumbent explains and defends management's policies or practices. *Id*. at 43.

The sixth and seventh core competencies for the Supervisory Program Specialist are wholly different from the core competencies for the Program Analyst position. The sixth provides as follows:

Formulates effective strategies consistent with the agency's organizational goals and objectives. Determines resource requirements based on program objectives and operational needs. Uses metrics and other data as part of the evaluative process to identify problems and propose solutions. Adheres to, and integrates knowledge of, all relevant directives and regulations to address issues and resolve problems. Reviews and analyzes programs, operational results, and policy to identify potential areas of improvement.

*Id*. at 44. The seventh core competency provides as follows:

Creates a positive work environment by encouraging mutual respect, communication, and innovation and manages conflict constructively. Organizes and facilitates teams skillfully to accomplish mutual goals. Administers performance management responsibilities including completion of performance plans and ratings, provision of meaningful feedback, and taking appropriate measures to address performance and conduct issues. Involves team members in decisions and problem solving. Communicates

information on performance, work status, changes, issues, and results effectively. Leads, develops, and manages a high performing, diverse workforce, ensuring employment practices are administered in a fair and equitable manner. Promotes and fosters an inclusive workplace where diversity is valued and leveraged to achieve the vision and mission of the organization. Recruits, hires, transitions into Federal service, and retains qualified employees, as applicable. Access, critically analyze, evaluate and apply risk information to the decision making process in support of organizational goals and objectives.

*Id*. at 45. These core competencies[4] show material differences between the two positions in that the Supervisory Program Specialist position has full supervisory and managerial responsibilities while the Program Analyst position has none. The appellant asserts that he has supervisory experience. We do not question his assertion that he has such experience; however, he has not established that he acquired supervisory experience in the Program Analyst position. In order for the positions to be the same or similar, the appellant must show that both have the same or similar supervisory and managerial responsibilities. The appellant's submission of his application for the Supervisory Program Specialist position emphasizes the appellant's prior supervisory experience, showing the importance of that experience to the Supervisory Program Specialist position.

In his affidavit, the appellant states that he worked on a detail for the Office of Civil Rights on loan from the Atlanta Airport Federal Security Airport Staff. *Id*. at 14-15. He asserts that on that detail he documented the EEO process as a Program Analyst. *Id*. He explains that the purpose of the process flow was to determine the flow of hand-offs and decision points. *Id*. It included processing time for each step. The process flow diagram depicted actions from application submittal process to hearing. *Id*. Also, costs were determined for each step to determine where most of the costs were being incurred in the TSA process. *Id*. He argues that similarly, in the Supervisory Program Specialist

---

[4] Although the appraisal forms set forth the core competencies for the respective positions, the appellant has not submitted positions descriptions or other documents showing the duties and responsibilities of the positions.

position, he documented the Redress process, interviewing employees and the Director in order to "determine all steps" of the Redress process. *Id*. However, the detail position was not that from which the appellant was promoted, and thus the duties described in that position would not establish that his Program Analyst and Supervisory Program Specialist positions were the same or similar. *See Wafford v. U.S. Postal Service*, 34 M.S.P.R. 691, 693-94 (1987); *White v. U.S. Postal Service*, 34 M.S.P.R. 687, 690 (1987).

In sum, the appellant has failed through his submissions to make a nonfrivolous allegation that the Program Analyst position, which has no supervisory or managerial duties and is in the I Band and the 0343 series, is similar to the Supervisory Program Specialist position in the J Band and the 0301 series, with its supervisory and managerial responsibilities.[5] The appellant has failed to nonfrivolously allege that the positions have duties that are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work. *See* 5 C.F.R. § 752.402. The appellant has failed to make a nonfrivolous allegation that experience in the Program Analyst position demonstrates the knowledge, skills, and abilities required to perform the work of the Supervisory Program Specialist position. *See Coradeschi*, 439 F.3d at 1333.[6]

---

[5] The appellant relies on *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154 (2012), *Sandoval v. Department of Agriculture*, 115 M.S.P.R. 71 (2010), and a nonprecedential Board Order in support of his arguments. We find that *Martinez* and *Sandoval* are distinguishable because, among other things, they did not involve a comparison of supervisory and non-supervisory positions. Moreover, nonprecedential orders are generally not binding on the Board. 5 C.F.R. § 1201.117(c)(2).

[6] To establish whether two positions are the same or similar for the purposes of 5 U.S.C. § 7511, the Board also looks to whether the positions are in the same competitive level for reduction in force purposes. *Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, 455 (2005); *Spillers*, 65 M.S.P.R. at 26. Positions are in the same competitive level if they: (1) are in the same grade or pay scale; (2) are in the same classification series; (3) have similar duties; and (4) require the same skills and qualifications. *See Spillers*, 65 M.S.P.R. at 26. The appellant does not assert that the

Accordingly, we find that the appellant has failed to make a nonfrivolous allegation that he is an individual in the excepted service who has completed 2 years of current continuous service in the same or similar positions in an executive agency. Thus, he has failed to make a nonfrivolous allegation that he is an employee under 5 U.S.C. § 7511(a)(1)(C)(ii)[7] with appeal rights to the Board. We dismiss his appeal of his indefinite suspension for lack of jurisdiction.[8]

## NOTICE OF APPEAL RIGHTS[9]

This is the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your

Program Analyst and Supervisory Program Special positions are in the same competitive level. We note, however, that the two positions are in different pay bands, in different classification series, and as explained have different duties, suggesting that they are not in the same competitive level.

[7] In his reply, the appellant incorrectly assumes that he qualifies as an employee under 5 U.S.C. § 7511(a)(1)(C)(i). PFR File, Tab 5 at 4 n.1. It is undisputed, however, that the appellant had permanent status in the excepted service and was never under an initial appointment pending conversion to the competitive service in either position. Accordingly, 5 U.S.C. § 7511(a)(1)(C)(i) is not applicable here. *See Pennington v. Department of Veterans Affairs*, 57 M.S.P.R. 8, 9-11 (1993).

[8] The appellant requests that, if the Board dismisses his appeal for lack of jurisdiction, the Board remand his "mixed case for unmixed processing pursuant to 29 C.F.R. § 1614.302(b) . . . ." PFR File, Tab 5 at 11. Section 1614.302(b) provides that, if a person files a timely appeal with the Board from the agency's processing of a mixed-case complaint and the Board dismisses it for jurisdictional reasons, the agency shall reissue a notice giving the individual the right to elect between a hearing before an administrative judge and an immediate final decision. The appellant has identified no provision under which the Board must "remand" an appeal for processing as a non-mixed case.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.