## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KYLE R. WHALEN,
Appellant,

DOCKET NUMBER
PH-315H-25-0178-I-1

v.

DEPARTMENT OF
  TRANSPORTATION,
Agency.

DATE:  April 7, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

George Dale Condon, Massena, New York, for the appellant.

Eric Michael Knapp, Esquire, and Donna O'Berry, Washington, D.C.,
  for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the petition for review, VACATE the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision, and REMAND this appeal to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On May 7, 2023, the agency appointed the appellant to the competitive-service position of Laborer, WG-3502-03, with a not-to-exceed date of December 30, 2023.  Initial Appeal File (IAF), Tab 9 at 8.  On December 17, 2023, he was converted to the excepted-service position of Maintenance Mechanic Helper, WG-4749-05, pursuant to the Veterans Recruitment Appointment Authority (VRA).  *Id.* at 11.  The Standard Form 50 (SF-50) documenting the appointment indicates that it was subject to a 1-year trial period beginning December 17, 2023, as well as a 2-year trial period "for VRA."  *Id.* The agency terminated the appellant for misconduct on November 26, 2024.  IAF, Tab 6 at 8-10, Tab 10 at 4.

On December 22, 2024, the appellant appealed his probationary termination to the Board arguing that the agency's allegations of misconduct were based on hearsay and exaggeration.  IAF, Tab 1 at 2.  The administrative judge issued an acknowledgement order advising the appellant of what he must allege to establish Board jurisdiction as either an employee with a statutory right to appeal, or a probationary employee with a regulatory right to appeal a termination based on marital status, partisan political reasons, or conditions arising before appointment.  IAF, Tab 2 at 2-5.  The order also informed the appellant how he could show that he had completed his probationary period by tacking on prior service.  *Id.* at 4-5.  The appellant did not respond.  In its response, the agency asserted that the appellant was serving a probationary period in a VRA excepted-service appointment at the time of his termination and submitted various SF-50s and copies of the appellant's termination letter, the appellant's VRA agreement, a firm job offer and acceptance letter for the Maintenance Mechanic Helper position, a tentative job offer and acceptance letter for the Laborer

position, and a job description for the Laborer position. IAF, Tabs 9-10. Without holding the requested hearing, the administrative judge issued an initial decision on January 17, 2025, dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge improperly found that the appellant did not establish that he had a statutory right to appeal his probationary termination to the Board.</u>

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 7 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the Federal service by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011); *see* 5 U.S.C. §§ 7512(1), 7513(d). A preference-eligible employee in the excepted service meets the definition of "employee" with Board appeal rights if he can prove he has completed at least 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B); *Maibaum*, 116 M.S.P.R. 234, ¶ 9. Notably, for a preference eligible in the excepted service, the absence or completion of a probationary or trial period is not determinative of "employee" status. *Maibaum*, 116 M.S.P.R. 234, ¶ 9. Rather, the dispositive issue is whether the appellant satisfied the 1-year current continuous service requirement at the time of his separation. *Id.* "Current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Maibaum*, 116 M.S.P.R. 234, ¶ 14; 5 C.F.R. § 752.402.

Here, it is undisputed that the appellant was a preference-eligible employee and that he served in a competitive-service position of Laborer from May 7 to December 17, 2023, and in an excepted-service position of Maintenance Mechanic Helper from December 17, 2023, until his termination on November 26, 2024. Accordingly, if the appellant's Laborer and Maintenance Mechanic Helper positions were similar, as the appellant argues on review, Petition for Review (PFR) File, Tab 1 at 4-5, he would have more than 1 year of continuous service and thus be an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(B), *see McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶¶ 9-15 (2006) (finding that prior service in the competitive service counted toward the completion of an individual's probationary period in the excepted service because it was in the same line of work).

The regulations implementing 5 U.S.C. chapter 75, subchapter II, define "similar positions" as "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work." 5 C.F.R. § 752.402; *see Maibaum*, 116 M.S.P.R. 234, ¶ 15. In addition, positions may be deemed "similar" if they are in the "same line of work," which has been interpreted as involving "related or comparable work that requires the same or similar skills." *Jones v. Merit Systems Protection Board*, 98 F.4th 1376, 1381 (Fed. Cir. 2024) (quoting *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988)); *Maibaum*, 116 M.S.P.R. 234, ¶ 15. Stated slightly differently, positions are similar "if experience in [one] position demonstrates the knowledge, skills, and abilities required to perform the work of the other job." *Maibaum*, 116 M.S.P.R. 234, ¶ 15 (quoting *Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1333 (Fed. Cir. 2006); citing *Mathis*, 865 F.2d at 234). In conducting this analysis, the nature and character of the work actually performed must be

considered. *Jones*, 98 F.4th at 1381; *Maibaum*, 116 M.S.P.R. 234, ¶ 15 (citing *Coradeschi*, 439 F.3d at 1333-34; *Mathis*, 865 F.2d at 233-35).

For the first time on petition for review, the appellant argues that he completed 18 months of continuous Federal service because he performed the same duties throughout his employment with the agency, and he submits a copy of the job description for the Maintenance Mechanic Helper position. PFR File, Tab 1 at 4-6, 8-11. The Board generally will not consider evidence and argument submitted for the first time on review absent a showing that it was previously unavailable despite the party's due diligence, and the appellant has not credibly explained why this evidence and argument was not available to him below. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Nevertheless, having reviewed the limited evidence in the appeal record, we find that the initial decision is based on an erroneous finding of material fact and that the matter requires remand for further adjudication.

The administrative judge found that the Laborer and Maintenance Mechanic Helper positions were "totally unrelated" and, therefore, that the appellant's 7 months of prior service as a Laborer could not be counted toward the completion of the 1-year requirement. ID at 4. Among other things, the appellant argues that the administrative judge had insufficient evidence to make this determination because only the job description for the Laborer position was in the record and thus an accurate comparison could not be made. PFR File, Tab 1 at 4-5. We agree. Indeed, the administrative judge cites no support in the record for his finding that the positions are dissimilar. To the contrary, while even a comparison of the job titles alone suggests a potential overlap in duties, the job description for the Laborer position—which the administrative judge had before him—consists primarily of quintessential maintenance duties, including janitorial services; operating heavy-duty floor maintenance equipment; mowing the lawn; keeping walkways free of snow and ice; performing minor repairs to

buildings and furnishings, such as changing light bulbs; and supporting the maintenance shop. IAF, Tab 9 at 29. Therefore, the limited record does not support the administrative judge's finding but requires further development to determine whether the Laborer and Maintenance Mechanic Helper positions are sufficiently similar such that the appellant's prior service can be counted toward the 1-year requirement.[2]

Accordingly, we grant the appellant's petition for review, vacate the initial decision, which dismissed the appeal for lack of jurisdiction, and remand this appeal for further adjudication. On remand, the administrative judge shall develop the record on the question of whether the appellant's service in the Laborer position is sufficiently similar to his service in the Maintenance Mechanic Helper position to count toward the 1-year continuous service requirement and thereby establish Board jurisdiction by showing that the appellant qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(B). The appellant bears the burden of proving Board jurisdiction by a preponderance of the evidence, but if he makes a nonfrivolous allegation that the Board has

---

[2] After finding that the appellant did not have 1 year of current continuous service and thus no right to appeal his probationary appeal to the Board under 5 U.S.C. § 7511(a)(B)(1), the administrative judge found that the appellant failed to establish Board jurisdiction under 5 C.F.R. § 315.806 (2024), i.e., that he was terminated due to marital status discrimination, partisan political reasons, or because of preappointment matters. The appellant has not challenged this finding on review. Because VRA appointments are in the excepted service, 5 C.F.R. part 315 does not apply directly to individuals appointed under that authority. However, individuals appointed under the authority of the VRA have been granted the same appeal rights during the first year of their trial periods as competitive-service employees. 5 C.F.R. § 307.105 (2025); *see Maibaum*, 116 M.S.P.R. 234, ¶ 18. The regulatory right of an employee in the competitive service to appeal a termination to the Board on the limited ground previously set forth in 5 C.F.R. part 315 was rendered inoperative and without effect for actions taken on or after April 24, 2025, and has now been formally rescinded as directed by Executive Order 14284. *See* Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025). As the appellant was terminated before April 24, 2025, we need not consider whether the rights granted to individuals appointed under the VRA were also rendered inoperative by the Executive Order.

jurisdiction, he is entitled to a hearing on the jurisdictional question. *Tolbert v. Small Business Administration*, 104 M.S.P.R. 418, ¶¶ 6-7, *aff'd*, 245 F. App'x 964 (Fed. Cir. 2007); 5 C.F.R. § 1201.56(b)(2)(i)(A).

Additionally, on remand, the administrative judge shall address the appellant's allegation that his supervisor "did not like [him]" and had stated that it "is ridiculous they have to hire veterans over qualified applicants." IAF, Tab 1 at 2. This allegation suggests that the appellant may be claiming that his probationary termination was a result of anti-military discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA). Thus, the administrative judge shall notify the appellant of his rights and burdens of proof under USERRA and adjudicate the claim, either as part of this appeal or by docketing it as a separate appeal, should the appellant wish to pursue it.

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.[3]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[3] On review, the appellant asserts his intention to make certain discovery requests. PFR File, Tab 1 at 6. On remand, the appellant may engage in discovery consistent with the Board's regulations and the administrative judge's instructions.